## CANNON VS. JACKSON.

FRAUD: *In obtaining deed. Evidence.*

An allegation that a deed absolute was obtained by fraud when only a mortgage was intended, must be proved with reasonable clearness by preponderating testimony. The deed itself and acknowledgment are *prima facie* proof of a sale.

APPEAL from *Seveir* Circuit Court in Chancery.

HON. H. B. STUART, Circuit Judge.

*Compton, Battle & Compton,* for appellant.

Fraud is never presumed but must be proven. Circumstances of mere suspicion leading to no certain results are not a sufficient ground to establish a fraud. A fraudlent intent will never be imputed to an act that may have as well accrued from a good as a bad motive. 9 *Ark.,* 452; 31 *Ark.,* 556; 23 *Ark.,* 123.

The certificate of acknowledgment is alone sufficient to sustain the deed in opposition to all such testimony as was offered to show fraud.

The testimony of Cannon, corroborated by other witnesses, shows that the instrument was a deed—intended as such; that mistakes were made in the description of the lands, and the deed should be reformed.

EAKIN, J. The appellee, Susan Jackson, filed this bill against Cannon for rescision of a deed executed by her to Cannon in April, 1879, for certain tracts of land described as the N. W. ¼ of the N. E. ¼ and the N. W. ¼ of the S. E. ¼ of section 13; and the S. W. ¼ of the N. E. ¼, and the S. E. ¼ of the N. W. ¼ of section 24, in T. 9, South of Range 30 West. She charges that she is illiterate, cannot read nor write, and that the deed was never read to her; that she did not know that she was executing a deed, and never meant to; that she did intend to give a mortgage for a small sum of money, about

$22.50, and that the defendant fraudulently filled up a blank form so as to make it an absolute conveyance, and falsely representing it as the mortgage she intended, obtained her signature and acknowledgement.

The defendant denies the fraud or that it was intended as a mortgage. He says it was a sale, and sets forth the consideration agreed upon and paid. He makes his answer a cross-bill for reformation of the instrument, stating that the two forty acre pieces in section 13 are falsely described in the deed, by mistake, and that in place of them he purchased, and she intended to convey the *S. E. ¼ of the S. E. ¼* of section 13, and the *N. E. ¼ of the N. E. ¼* of section 24, together with the other lands correctly described.

The cross-bill is not answered. It may be said in passing that at least one of the tracts in the deed appears, from the bill, to be erroneously described; since she sets forth her source of title, and it does not appear to have belonged to her at all, to-wit: the S. W. ¼ of the N. E. ¼ of section 13. There is, however, no contest nor issue as to the mistake. The sole question was as to the alleged fraud in procuring the land. The Chancellor found in favor of the complainant, rescinded the deed and rendered judgment; on the other hand, in favor of defendant against the complainant for a small sum, the supposed amount of the intended mortgage, but without declaring a lien. From this, defendant appealed.

1. FRAUD: Burden of proof, &c.   The question was one of fact as to which the *onus* was on, the complainant, not only to raise a suspicion of fraud, but to show it with more reasonable degree of clearness, by preponderating testimony. The deed itself and the acknowledgment made a *prima facie* case for the defendant, as to the sale, and the mistake was

not controverted either in the pleadings or evidence.

As to fraud, the complainant testifies in accordance with the charges, but her testimony finds little support in that of her other witnesses. The defendant also testifies on his part, stating that it was a purchase, and showing payment of consideration far in excess of the supposed mortgage. His testimony finds support in many material respects. Upon the whole, whilst there may be some doubt in the matter, we cannot find in the record such proof of fraud as to bring our minds into concurrence with that of the Chancellor. We do not think there was such clear and decided proof of fraud as, for the safety of human transactions, the policy of the law requires.

We think the Chancellor was mistaken in his conclusion, and that the original bill should have been dismissed, and the deed reformed in accordance with the prayer for cross relief.

Reverse the decree and enter a decree here reforming the deed so that in place of the S. W. ¼ of the N. E. ¼, and the N. W. ¼ of the S. E. ¼ of section 13, it may include the S. E. ¼ of the S. E. ¼ of section 13, and the N. E. ¼ of the N. E. ¼ of section 24, remaining in other respects the same.

The original bill will be dismissed.